UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERI KEALOHA SAHM,<br><br>Plaintiff,<br><br>v.<br><br>KARIM ALI, *et al.*,<br><br>Defendants. | Case No. C22-1131 RSM<br><br>ORDER DENYING MOTION FOR INJUNCTION |

This matter comes before the Court on Plaintiff Teri Kealoha Sahm's Claim and Request for Injunction ("Motion"). Dkt. #8. Plaintiff seeks an order enjoining various activities by Defendants with respect to a certain tract of land including "any future trespass on homestead or land by Karim Ali, Jagroop Singh or any of their agents and all named defendants." Dkt. 8 at 9. As of the date of this order, Defendant Jessie Baker is the only one out of 50 named defendants to have appeared. Having considered the Motion and the remainder of the record, the Court DENIES the Motion.

Relief from a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. NRDC, Inc.*, 555 U.S. 7, 22, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). A party can obtain a preliminary injunction by showing that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Id.* at 555 U.S. 20. A preliminary injunction may also be appropriate if a movant raises "serious questions going to the merits"

ORDER DENYING MOTION FOR INJUNCTION- 1

and the "balance of hardships . . . tips sharply towards" it, as long as the second and third *Winter* factors are satisfied. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

Here, Plaintiff has not demonstrated a likelihood of success on the merits. In her Motion, Plaintiff does not include any facts or argument under sections titled "Statement of Claim," but merely directs the Court to her Complaint. In her Complaint, Plaintiff does not support her claims with specific facts presented in a clear and understandable manner. Plaintiff's allegations are difficult to follow with unconnected facts and vague accusations. Plaintiff lists at least 26 federal statutes (Dkt. #1 at 6) but does not provide separate causes of action or connect the facts coherently to the cited statutes allegedly violated. It is likewise unclear how many of the 50 named defendants are involved in the alleged violations giving rise to Plaintiff's claims. It is also unclear to the Court how the facts as presented in this case could constitute violations of the federal statutes listed. The Court recognizes that *pro se* plaintiffs are ultimately held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Bearing that in mind, the Court will still not grant such an extraordinary remedy under the circumstances.

For the foregoing reasons, the Court DENIES the Motion.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

DATED this 5th day of October 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE