UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERI KEALOHA SAHM,<br><br>    Plaintiff,<br>  v.<br><br>KARIM ALI et al,<br><br>    Defendant. | CASE NO. 2:22-cv-01131-RSM<br><br>ORDER AFFIRMING JUDGE MARTINEZ'S DENIAL OF RECUSAL (DKT. NO. 12) |

**I      INTRODUCTION**

This matter comes before the Court following referral by Judge Ricardo S. Martinez (Dkt No. 12) of Plaintiff Teri Kealoha Sahm's motion for recusal (Dkt. No. 11). For the reasons stated herein, the Court AFFIRMS Judge Martinez's decision.

**II      BACKGROUND**

On August 11, 2022, Plaintiff initiated this civil suit, proceeding pro se. (Dkt. No. 1.) Plaintiff alleges fraud and trespass related to the foreclosure of a property in King County, among other claims. (*Id.* at 8–9.) On September 27, 2022, Plaintiff filed a Motion for

Reassignment of Judge and Expedited Injunction. (Dkt. No. 11.) On September 28, 2022, Judge Martinez declined to voluntarily recuse himself and referred the motion to the undersigned for review pursuant to Local Civil Rule 3(f). (Dkt. No. 12.)

### III   DISCUSSION

**A. Legal Standard**

Local Civil Rule 3(f) requires a challenged judge to review motions filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455 and to determine whether to recuse voluntarily. LCR 3(f). If the challenged judge declines to recuse voluntarily, they must direct the court clerk to refer the motion to the chief judge for their review. *Id.*

28 U.S.C. § 455(a) provides that a judge of the United States shall disqualify himself or herself in any proceeding in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). 28 U.S.C. § 144 similarly requires recusal when a party to a proceeding in district court files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The standard for recusal under both statutes is the same—"[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks omitted). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

**B. Plaintiff's Motion to Recuse Judge Martinez**

Plaintiff's motion does not allege facts sufficient to require Judge Martinez's recusal. Plaintiff's sole grounds for recusal appears to be that Judge Martinez previously presided over and dismissed a prior case filed by Plaintiff. (Dkt. No. 11 at 1–2.) Plaintiff does not offer any additional evidence that would indicate bias or prejudice on the part of Judge Martinez. Prior adverse rulings are almost never sufficient to establish bias necessary for recusal absent further evidence of deep-seated prejudice. *See McTiernan*, 695 F.3d at 891–92. As such, the Court ORDERS that Judge Martinez's refusal to recuse himself from this matter is AFFIRMED.

## IV   CONCLUSION

Accordingly, the Court hereby ORDERS that Judge Martinez's refusal to refuse himself from this matter (Dkt. No. 12) is AFFIRMED.

Dated this 11th day of October, 2022.



David G. Estudillo
United States District Judge