UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERI KEALOHA SAHM,<br><br>                    Plaintiff,<br><br>     v.<br><br>KARIM ALI, *et al.*,<br><br>                    Defendants. | Case No. C22-1131-RSM<br><br>ORDER DISMISSING CASE AND GRANTING MOTION FOR VEXATIOUS LITIGANT ORDER |

## I.   INTRODUCTION

This matter comes before the Court on Motions to Dismiss filed by Defendants Michael Fania, Kevin Riordan, Randhir Gandhi, Timothy O'Brien, Justin Crowley, Michael Kruger, Jackie Anderson, and Andrew Cecere ("SPS, Onslow, and U.S. Bank Defendants") (Dkt. #31), Defendants Marissa Alkhazov, Midori Sagara, and Pandy McVay ("Buchalter Defendants") (Dkt. #33), and Defendants Patrick Oishi, Michael Scott, Patti Cole-Tindall, Debby Schmitz, Alan Kelley, Amy Crawford, Andrew Shears, B. Miller, Benjamin Wheeler, Bob Lurry, Bryan Pacey, Candace Bekeley, Carol Ann Neely, Charles Hosner, Colin Cufley, David Easterly, Glenn Brennan, Kedrick Anderson, Kyle Sekora, Mark Rorvik, Vadarian Sapp, Jon Scherer, Kymber Waltmunson, and Bradford Moore ("King County Defendants") (Dkt. #44).  In their Motions to Dismiss, all Defendants also request the Court declare *pro se* Plaintiff Teri Kealoha Sahm a vexatious litigant.  The following Defendants have also filed Notices of Joinder joining the

ORDER - 1

pending Motions to Dismiss: Jessie Baker (Dkt. #35), Alan Burton and Rande Johnsen (Dkt. #48), and Hugh Stewart (Dkt. #50). The following named Defendants have neither filed motions to dismiss nor notices of joinder: Karim Ali, Jessie Baker Raymond Delavergne, Nicole Glowin, Seth Goodstein, Jagroop Singh, Nathan Smith, David Swartley, and Julie Wilhelm.

Also pending before the Court are Plaintiff's Motion to Change Venue and Objection and Response to Motion Denying Recusal (Dkt. #29), Plaintiff's Objection and Rebuttal to King County Defendants' Rule 4(m) and 12(b)(6) (Dkt. #52), and Plaintiff's Motion to Compel Compliance Special Hearing Jurisdiction (Dkt. #65).

## II. BACKGROUND

This case concerns real property located at 35022 SE Fall City-Snoqualmie, Fall City, WA 98024 (hereinafter, the "Property"). *See* Dkt. #1 at 11. Plaintiff Teri Kealoha Sahm alleges that on January 7, 2022, a fraudulent foreclosure took place and as a result "[i]llegal and unlawful [e]victions occurred" on April 20, 2022, and June 2, 2022. *Id.* at 8. Plaintiff seeks to unwind the foreclosure sale, remove the Property's current owner, permanently enjoin any future claims of interest involving the Property, and compensation for various claimed damages. *Id.*

While Plaintiff's Complaint and the attached exhibits are unclear and difficult to comprehend, the Court understands that on April 21, 2004, Plaintiff purportedly obtained a loan from Wells Fargo Home Mortgage, Inc. in the principal amount of $432,000.00. Dkt. #1 at 19 ¶ 29, 31–35 ("Promissory Note"). Plaintiff also executed a Deed of Trust related to the Property— the parties dispute whether this Deed of Trust encumbered the Property to secure payment of the Promissory Note. *Id*. at 37–55 ("Deed of Trust"). The Property was subsequently foreclosed upon and Plaintiff claims an individual named Karim Ali sold the Property to another individual named Jagroop Singh. *Id.* at 8.

ORDER - 2

  This is the third Complaint that Plaintiff has filed in federal court related to the foreclosure of the Property.  Background information as to Plaintiff's previous litigation is not contained in her Complaint, but when considering a motion to dismiss a court "may take judicial notice of undisputed matters of public record, such as documents on file in federal or state courts." *See Carlson v. Wells Fargo Bank, N.A.*, No. C15-0109JLR, 2015 WL 2062394, at *4 (W.D. Wash. May 4, 2015) (citing *Harris v. Cty. of Orange,* 682 F.3d 1126, 1131–32 (9th Cir.2012) (taking judicial notice of state court proceedings in *res judicata* analysis); *Lee v. Thornburg Mortg. Home Loans Inc.,* No. 14–cv–00602 NC, 2014 WL 4953966 (N.D.Cal. Sept.29, 2014) (taking judicial notice of court filings and public records in evaluating whether *res judicata* barred *pro se* plaintiff's third attempt to litigate home foreclosure)).

  First, Plaintiff filed an action with this Court on December 31, 2019.  *See Sahm v. Onslow Bay Financial LLC et al.*, No. 2:19-cv-02090-RSM.  In *Sahm v. Onslow Bay*, Plaintiff sued 133 named Defendants for violations of at least 13 federal statutes. *Id.*, Dkt. #1.  On February 14, 2020, the Court issued an Order to Show Cause after finding Plaintiff's Complaint failed to support its claims with specific facts presented in a clear and understandable manner, and Plaintiff was ordered to file a response. *Id.*, Dkt. #9.  The Court found Plaintiff's Response "difficult to follow and [did] not provide satisfactory answers to [the Court's] questions." *Id.*, Dkt. #16.  On March 9, 2020, the Court dismissed Plaintiff's Complaint and closed the action. *Id*.

  Meanwhile, Defendant Jagroop Singh—purportedly the present owner of the Property—filed an action for unlawful detainer in King County Superior Court because Plaintiff refused to vacate the Property.  *See Singh v. Sahm, et al.*, King Cty. Sup. Ct. No. 22-2-02664-2 SEA (King Cty. Sup. Ct), Dkt. #32 ¶12, Ex. J.  In Plaintiff's Answer, filed on February 23, 2022, Plaintiff

ORDER - 3

challenged the unlawful detainer action and claimed that by continuing it, Mr. Singh was committing "fraud" and "Federal RICO crimes." Dkt. #32 ¶12, Ex. J. Plaintiff further claimed that the trustee's sale was "unlawful and illegal" and that the entities involved in the foreclosure and eviction were also committing federal crimes. *Id*. On March 14, 2022, after reviewing the parties' submissions and hearing testimony, King County Superior Court Commissioner Bradford Moore signed the writ of restitution. Dkt. #32 ¶ 5, Ex. C at 39.

Plaintiff then filed her second federal action related to the Property on February 12, 2022. *See Sahm v. Select Portfolio Servicing Inc.*, No. 2:22-cv-00165-JHC. In *Sahm v. Select Portfolio Servicing*, Plaintiff named Select Portfolio Servicing and alleged violations of eight federal statues along with a claim for robo-signing dating back to October 2013. Dkt. #32 ¶ 16, Ex. N. After Select Portfolio Servicing filed a Motion to Dismiss, the Honorable John H. Chun dismissed Plaintiff's Complaint for failure to state a claim. *Id.* An appeal of Judge Chun's dismissal is still pending before the Ninth Circuit.

In the present lawsuit, Plaintiff alleges violations of twenty-eight federal statutes against fifty named individuals. Dkt. #1 at 2–5, 6–7. The Statement of Claim section of Plaintiff's Complaint is scant. *See Id.* at 8–9. It does not include any facts supporting her statutory claims and also only mentions three of the 50 named Defendants: Alan Burton, Karim Ali, Jagroop Singh. *Id*. The Court has no way of knowing who any of the other 47 Defendants are or how they are connected to Plaintiff's allegations looking only at the Complaint in this case.

### III.    DISCUSSION

**A. Objection to Motion Denying Recusal**

First, the Court addresses Plaintiff's Objection and Response to Motion Denying Recusal. Dkt. #29.

ORDER - 4

On September 27, 2022, Plaintiff filed a Motion for Reassignment of Judge and Expedited Injunction. Dkt. #11.  The Court considered the Motion as a motion to recuse, which the Court denied and, in accordance with LCR 3(f) referred its Order to the Honorable David G. Estudillo, the Chief Judge in this District, for review of its decision. Dkt. #12.  On October 11, 2022, Judge Estudillo affirmed the Court's denial of recusal.  Dkt. #23.  Plaintiff now "objects" to Judge Estudillo's affirmation of this Court's Order and the underlying orders.  Dkt. #29.  The Court treats Plaintiff's Motion as a motion for reconsideration pursuant to Local Rule 7(h).

Motions for reconsideration are disfavored, and they are customarily denied unless the complaining party can show "manifest error in the prior ruling, or ... new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h).

Plaintiff's Motion merely repeats the same arguments she made in her original Motion for Recusal.  As such, Plaintiff has demonstrated neither manifest error nor a new factual or legal basis meriting reconsideration of the Court or Judge Estudillo's original rulings and her Motion for Reconsideration is DENIED.

**B. Motions to Dismiss**

Multiple Defendants now bring Motions to Dismiss for failure to state a claim and on the grounds of *res judicata* and collateral estoppel. Dkts. 31, 33, 44.  Plaintiff seems to oppose the Motions, although her responses are rambling, incoherent, do not address Defendants' arguments but instead raise new statutory claims, and are not in compliance with the Local Civil Rules.  *See* Dkts. #39, 40, 41, 52.  "The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir.1987) (citing *Boag v. MacDougall,* 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982)).  In

ORDER - 5

practice, this means that pro se plaintiffs are ultimately held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). This does not mean, however, that a court can make the Plaintiff's case where he has failed to do so. "[C]ourts should not have to serve as advocates for pro se litigants." *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987). It is true that *pro se* plaintiffs are afforded greater latitude than trained lawyers. But Plaintiff has failed to make a single legal argument against dismissal of her case. As explained below, the Court has no choice but to grant dismissal.

      1. ***Failure to State a Claim under Rule 12(b)(6)***

*Pro se* litigants must follow the same rules of procedure that govern other litigants, including the Federal Rules of Civil Procedure and the local rules of this district. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). Although Plaintiff's *pro se* pleadings are held to a "less stringent standard than formal pleadings drafted by lawyers," she still must meet the requirements of the rules. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Under Federal Rule of Civil Procedure 12(b)(6), a court should dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In determining whether to grant a Rule 12(b)(6) motion, the court must accept as true all "well-pleaded factual allegations" in the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). To sufficiently state a claim and survive a motion to dismiss, the complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

ORDER - 6

its face." *Iqbal,* 556 U.S. at 663 (internal quotation marks omitted); *see also Telesaurus VPC, LLC v. Power,* 623 F.3d 998, 1003 (9th Cir. 2010). The court is not bound to accept as true labels, conclusions, formulaic recitations of the elements, or legal conclusions couched as factual allegations. *Twombly,* 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). As the Supreme Court said in *Iqbal,* a complaint must do more than tender " 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Defendants contend that Plaintiff's Complaint suffers from numerous deficiencies. The SPS, Onslow, and U.S. Bank Defendants (Dkt. #31), the Buchalter Defendants (Dkt. #33), and the King County Defendants (Dkt. #44) all argue Plaintiff fails to state a claim upon which relief must be granted because Plaintiff lists twenty-eight federal statutes sounding in fraud without any facts to support or explain any of the federal statutes. Dkt. #31 at 8–9; Dkt. #33 at 8–9; Dkt. #44 at 4–5. The SPS, Onslow, and U.S. Bank Defendants and the Buchalter Defendants also argue that Plaintiff does not directly name any of the Moving Defendants in her "Statement of Claim" and none of her allegations regarding the handling of the eviction and claimed resulting damages are directed at these Defendants. Dkt. #31 at 8–9; Dkt. #33 at 8–9.

Defendants are correct that Plaintiff has failed to state a claim upon which relief can be granted. As noted above, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility if a court can draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true. *Id.* at 545. Here, Plaintiff has in fact listed twenty-eight federal statutes without any facts supporting such

ORDER - 7

claims. *See* Dkt. #1 at 1–10.  Further, in her Statement of Claim she does not even mention any of the SPS, Onslow, and U.S. Bank Defendants or Buchalter Defendants. *See i.d.* at 8–9.  For these reasons alone her Complaint must be dismissed as to all moving Defendants.  However, the Court finds this true even as to the non-moving Defendants.  The Statement of Claim only specifically names the following individuals and entities: King County Defendants, Alan Burton, Karim Ali, Jagroop Singh, and "Police, Fire Department, and Sherrif." *Id.* at 8–9.  Yet, the Statement of Claim does not provide any facts supporting the claims she has brought against the named individuals or entities either.  As such, Plaintiff's Complaint must be dismissed as to all Defendants.

2.  ***Failure to Properly Serve King County Defendants***

The King County Defendants also argue that Plaintiff has failed to properly serve them within the 90 days required under the federal rules and her Complaint must be dismissed for this reason as well.

Fed. R. Civ. P. 4 requires plaintiff to serve defendants with a summons and copy of the complaint and sets forth the specific requirements for doing so.  Rule 4(m) provides the timeframe in which service must be made and states in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived lack of process." *S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007).  The Court's discretion to choose between dismissal without prejudice and an extension of time under Rule 4(m) is broad.  *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).  In exercising

ORDER - 8

its discretion, the court may consider factors including the length of delay in proper service, prejudice to a defendant, statute of limitations, actual notice of lawsuit, and eventual service. *Id.*

Rule 4 requires that an individual be served by delivering a copy of the summons and complaint to the individual personally, leaving a copy at the individual's dwelling, or delivering a copy to an agent authorized to accept service of process for the individual. Rule 4(e)(2). The King County Defendants allege that none of them were personally served with the Complaint and more than 90 days has passed since the filing of the Complaint. Dkt. #44 at 6; *see* Dkts. #1, 7, 20. Plaintiff does not address this argument in her Response. *See generally* Dkt. #52. The Court agrees that the King County Defendants were not properly served. However, the Court need not reach whether the Court must dismiss without prejudice or extend Plaintiff's time to serve the King County Defendants because the Court has already found dismissal warranted on the merits.

3. ***Res Judicata and Collateral Estoppel***

All moving Defendants also argue that Plaintiff is barred from re-litigating the sale of the Property and her subsequent eviction under the principles of collateral estoppel and *res judicata*. Dkts. #31 at 10–13, #33 at 10–12, #44 at 7.

Collateral estoppel, or issue preclusion, prevents re-litigation of an issue "when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment." *Monahan v. Emerald Performance Materials, LLC*, 705 F.Supp.2d 1206, 1213 (W.D. Wash. Feb. 25, 2010), *citing Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1159 (9th Cir. 2002). Res judicata, or claim preclusion, bars re-litigation of a claim if a court has reached a final judgment on that claim in a previous action involving the

ORDER - 9

same parties or their privies. *Id.* at 1213 (citation omitted).  Under both doctrines, federal courts generally require the following:

> 1) the claim or issue decided in the prior adjudication is identical to the claim or issue in the present action;
> 2) the prior adjudication resulted in a final judgment on the merits; and
> 3) the party against whom collateral estoppel or res judicata is asserted was a party or in privity with a party to the prior adjudication.

*Id.*, *citing Sidhu v. Flecto Co., Inc*. 279 F.3d 896, 900 (9th Cir. 2002) (describing res judicata requirements); *Maciel v. C.I.R.*, 489 F.3d 1018, 1023 (9th Cir. 2007) (describing collateral estoppel requirements).

Collateral estoppel has two additional requirements: 1) a party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding; and 2) the determination of the issue must have been essential to the prior judgment. *Id.* (citations omitted).

Here, Plaintiff has already unsuccessfully litigated the foreclosure of the Property and her eviction in two federal lawsuits—*Sahm v. Onslow Bay Financial LLC et al.*, No. 2:19-cv-02090-RSM and *Sahm v. Select Portfolio Servicing Inc.* No. 2:22-cv-00165-JHC—and in Mr. Singh's unlawful detainer action in King County Superior Court—*Singh v. Sahm, et al.*, King Cty. Sup. Ct. No. 22-2-02664-2 SEA (King Cty. Sup. Ct).  The Court agrees that Plaintiff cannot now relitigate those issues in this current lawsuit.  Therefore, the Court finds that the principles of equitable estoppel and *res judicata* also necessitate dismissal of this action as to all Defendants—not just moving Defendants.

C. **Request for Vexatious Litigant Order**

The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants.  *Weissman v. Quail Lodge Inc.*, 179 F.3d

ORDER - 10

1194, 1197 (9th Cir. 1999).  Such pre-filing orders are an extreme remedy that should rarely be used. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).  Courts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts.  *Id.* (citing *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004); *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429, 102 S. Ct. 1148, 71 L.Ed. 2d 265 (1982); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1336.3, at 698 (3d ed. 2004)).  A court should enter a pre-filing order constraining a litigant's scope of actions in future cases only after a cautious review of the pertinent circumstances.  *Id.*  Nevertheless, "flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.*  There are four factors for district courts to examine before entering pre-filing orders.  First, the litigant must be given notice and a chance to be heard before the order is entered; second, the district court must compile an adequate record for review; third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and fourth, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." *Id.*  The relevant record for review includes prior complaints and related filings and orders. *See id.* at 1059.

   As to the first factor, Defendants argue that Plaintiff has received proper notice by service of this Motion.  Dkts. #31 at 14, 33 at 14. The Court agrees that Plaintiff has received proper notice and a chance to be heard on this Motion.

   Next, Defendants contend that the Court has an adequate record for review, citing the above facts based on this Court's records and other records for which the Court may take judicial

ORDER - 11

notice. *Id.* at 14–15. The Court agrees. *See Molski*, 500 F.3d at 1059 ("[a]n adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed.")

Third, Defendants contend that the record supports a finding that Plaintiff's litigation efforts have been meritless and harassing. To evaluate a party's actions, courts in the Ninth Circuit often consider five factors: (1) the party's "history of litigation" and any duplicative or harassing suits; (2) whether the party has an objective good faith expectation of prevailing; (3) whether the party is represented by counsel; (4) whether the party has caused "needless expense" to others or posed an unnecessary burden on the courts; and (5) whether other sanctions would provide adequate protection. *Molski*, 500 F.3d at 1058. The Court has reviewed the record and finds that each of these elements supports Defendants' requested relief. Plaintiff's multiple federal lawsuits, dismissed appeal, and six Chapter 13 Bankruptcy Petitions were all dismissed for being meritless, untimely, or otherwise deficient. The Court agrees that Plaintiff has established a pattern of baseless and harassing filings that necessitate Court intervention. *See, e.g.*, *Moy*, 906 F.2d at 468–70 (Court entered a vexatious litigant order when plaintiff filed two consecutive actions against defendant arising out of the same set of operative facts—each involving several complaints and numerous motions); *Ortiz v. Cox*, 759 F. Supp. 2d 1258, 1263-64 (D. Nev. 2011) (Court entered a vexatious litigant order where plaintiff had filed seven actions against defendants); *Johns v. Los Gatos*, 834 F. Supp. 1230, 1232 (N.D. Cal. 1993) (Court entered a vexatious litigant order when plaintiff had filed five similar actions over a period of ten years). The Court also finds that Plaintiff has posed an unnecessary burden on federal district and bankruptcy courts. The Court believes that no other sanction would provide adequate protection; Plaintiff is likely unable to pay monetary sanctions.

ORDER - 12

Finally, the Court finds a vexatious litigant order can be appropriately tailored here. This order will only bar Plaintiff from filing any lawsuit against *these* defendants, their associated entities, and agents concerning *this* Property—not lawsuits brought against other individuals or entities for other reasons.

Given all of the above, the Court will enter the below vexatious litigant order.

## IV.   CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiff's Objection and Response to Motion Denying Recusal (Dkt. #29) is DENIED.

2) Defendants' Motions to Dismiss (Dkts. #31, #33, #44) are GRANTED.  This case is dismissed with prejudice as to all parties.

3) Plaintiff's Motion Rebuttal to King County Defendants' Rule 4(m) and 12(b)(6) Foreign Agents Registration Act Notice (Dkt. #52) is DENIED.

4) Plaintiff's Motion to Compel Compliance Special Hearing Jurisdiction (Dkt. #65) is DENIED.

5) Defendants' Vexatious Litigant Motions are GRANTED.  Plaintiff Teri Kealoha Sahm is barred from filing any future actions against Defendants, their associated entities, and agents; relating to the origination, servicing and foreclosure of Plaintiff's real property located at 35022 SE Fall City-Snoqualmie, Fall City, WA 98024, and her subsequent eviction from the Property without first obtaining an order from this Court permitting her to do so.  If Ms. Sahm fails to comply with the conditions of this Order, she may be subject to sanctions from this Court.

ORDER - 13

6) This case is CLOSED.

7) The Clerk shall mail a copy of this Order to Plaintiff at the following address:

   Teri Kealoha Sahm
   PO Box 387
   Fall City, WA 98024

DATED this 24th day of July, 2023.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 14