UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERI KEALOHA SAHM,<br><br>       Plaintiff,<br><br>  v.<br><br>KARIM ALI, *et al.*,<br><br>       Defendants. | Case No. C22-1131-RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

  The instant matter comes before the Court on *pro se* Plaintiff Teri Kealoha Sahm's Motion for Reconsideration. Dkt. #75. The Court has determined that it can rule on this Motion without responsive briefing.

  "Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*

  Plaintiff asks the Court to reconsider its Order Dismissing Case and Granting Motion for Vexatious Litigant Order (Dkt. #73) and its Judgment granting Defendants' Motions to Dismiss and dismissing Plaintiff's case with prejudice as to all parties (Dkt. #74). Plaintiff submits, as "new facts," that she was unable to locate a "valid public Oath of Office for Bradford Moore" and that King County Superior Court Commissioner Bradford Moore, who signed the writ of

ORDER - 1

restitution in the previous unlawful detainer action filed against Plaintiff for refusing to vacate the Property at issue, is therefore "impersonating an officer." Dkt. #75 at 2. Plaintiff argues that the writ of restitution Commissioner Moore signed is thereby a "criminal" act and as such an "illegal and unlawful taking under the recent Supreme Court case *Tyler v. Minnesota* No. 12-166." The Court has reviewed *Tyler v. Hennepin Cnty., Minnesota*, 598 U.S. 631 (2023), in which a taxpayer brought an action against Hennepin County in Minnesota state court alleging the county's retention of the $25,000 in excess proceeds from the sale of her condominium for $40,000 to satisfy her delinquent $15,000 property tax bill was a taking of property without just compensation, in violation of the Fifth Amendment. A review of Plaintiff's Complaint reveals that out of the 13 federal statutes cited, Plaintiff did not claim a violation of her Fifth Amendment rights. *See* Dkt. #1 at 6–7. Further, *Tyler* says nothing about whether a state commissioner must have a valid oath of office on record at the specific offices Plaintiff contacted or how that would constitute a "taking" under the Fifth Amendment. Plaintiff cites RCW 2.08.080, claiming the statute requires Commissioner Moore's oath of office be available of the State of Washington Secretary of State website. However, RCW 2.08.080 states in full:

> Every judge of a superior court shall, before entering upon the duties of his or her office, take and subscribe an oath that he or she will support the Constitution of the United States and the Constitution of the state of Washington, and will faithfully and impartially discharge the duties of judge to the best of his or her ability, which oath shall be filed in the office of the secretary of state. Such oath or affirmation to be in form substantially the same as prescribed for justices of the supreme court.

The statute says nothing about whether or how a commissioner's oath of office should be accessible to the public.

Plaintiff also requests the Court produce "the contract with wet, blue ink signature of [her] and Witnesses that [she] signed it, and establish a contract between [herself] and the State of Washington, that [the Court is] using as the basis of [its] assumptions." Dkt. #75 at 2. This

ORDER - 2

request is not a "showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). Plaintiff merely regurgitates a tired argument that has failed in multiple courts and numerous actions.

    As Plaintiff has demonstrated neither manifest error nor a new factual or legal basis meriting reconsideration of the Court's rulings, her Motion for Reconsideration is DENIED.

DATED this 16th day of August, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3